UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DEWAYNE L. COOK | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 3:03-cv-548 |
| | ) | 3:02-cr-018 |
| | ) | *Jordan* |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Dewayne L. Cook ("Cook"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Cook's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Cook "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States*

*v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Cook is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Cook pleaded guilty to the following: conspiracy to distribute and possess with intent to distribute 50 or more grams of methamphetamine, in violation of 21 U.S.C. § § 846 & 841(b)(1)(B); using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In return for the guilty plea, the government dismissed two other drug charges, another § 924(c) firearm charge, and another § 922(g) felon in possession charge. As part of his plea agreement, Cook agreed in writing to the following factual basis:

Defendant Cook is responsible for at least fifty (50) grams but less than two-hundred (200) grams of methamphetamine. See U.S.S.G. § 2D1.1(c)(7).

During a three-month period within the time frame of this conspiracy, a cooperating witness bought approximately twenty-four pounds of marijuana and twelve ounces of methamphetamine from defendant Cook. The cooperating witness paid $1,200 per pound for the marijuana and $1,400 per ounce for the methamphetamine. The cooperating witness then resold the marijuana by the ounce and the methamphetamine for approximately $100 per gram.

Defendant Cook regularly sold ounce quantities of methamphetamine to individuals and defendant Cook had regular customers who bought half-gram or gram quantities of methamphetamine.

In July, 2001, defendant Cook offered to sell coconspirator Johnson methamphetamine. Defendant Cook possessed approximately one-half of an ounce of methamphetamine. On August 15, 2001, coconspirator Johnson agreed to hold approximately six grams of methamphetamine for defendant Cook. At that time, defendant Cook possessed approximately two ounces of methamphetamine.

On August 16, 2001, the Monroe County Metro Narcotics Unit executed a state search warrant on the residence of coconspirator Jamie Johnson. During execution of the search warrant, defendant Dewayne L. Cook arrived at the scene, and was found to be in possession of at least ten grams of methamphetamine, approximately fifty-five grams of marijuana, and a Smith & Wesson semi-automatic .9-millimeter pistol which he was carrying in his left front pocket.

On January 28, 2002, a search warrant was executed at the residence of defendant Cook at 520 Crystal Springs Road. Upon entry through the basement door of the residence, agents found Kevin Lee Cook, Robert Miller, and a Dianne French in the basement of the residence. A search of Roger Miller's vehicle revealed a satchel containing a set of digital scales, aluminum foil, one pill bottle, duct tape wrapped around a substance containing white powder believed to be methamphetamine and weighing approximately ten grams, plastic bags, and coffee filters.

Officers also discovered defendant Dewayne Cook and Wendy Miller in an upstairs bedroom of the residence. In the bedroom, agents discovered a

fanny pack containing digital scales, plastic bags containing marijuana, and approximately twenty grams of methamphetamine. Agents discovered a loaded Titan .38-caliber pistol in defendant Cook's blue jeans. A search of defendant Cook's vehicle revealed one can of paint thinner, one can of spray bottle protectant, one can of spray paint, one can of all-purpose cleaner, one can of stain remover, one can of Armour-All cleaner, two rolls of tape, and other items used in the manufacturing of methamphetamine.

[Criminal Action No. 3:02-cr-18, Court File No. 54, Factual Basis, pp. 1-3].

Cook was sentenced to concurrent terms of imprisonment of 120 months each on the drug conspiracy and § 922(g) firearm convictions, and to a consecutive term of imprisonment of 60 months on the § 924(c) firearm conviction, for a total effective sentence of 180 months. In support of his § 2255 motion to vacate sentence, Cook alleges numerous instances of ineffective assistance of counsel.

III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Cook must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of *Strickland* also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted). As noted, Cook alleges several instances of ineffective assistance of counsel, which the court will consider in turn.

**A. Failure to object to drug quantity**

Cook alleges defense counsel was ineffective at sentencing by failing to object to the district court's failure to determine the quantity of drugs for which Cook was to be held responsible. According to Cook, his plea agreement only attributed to him ten grams of methamphetamine and thus his attorney should have investigated relevant conduct in order to object to the quantity of drugs for which he was held responsible. Cook's claim fails on it face.

In his plea agreement, Cook agreed to plead guilty to "conspiracy to distribute, and possess with intent to distribute, 50 grams or more of a mixture and substance containing methamphetamine." [Criminal Action No. 3:02-cr-18, Court File No. 53, Plea Agreement, p. 1]. In the factual basis, which was expressly made a part of the plea agreement, Cook agreed that he would be held responsible "for at least fifty (50) but less than two-hundred (200) grams of methamphetamine." [*Id*., Court File No. 54, p. 1].

There was thus no reason for the court to determine the quantity of drugs and no basis for defense counsel to object to the court's failure to do so. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

## B. Failure to argue the difference in types of methamphetamine

Cook alleges his attorney should have argued at sentencing the differences between L-methamphetamine or D-methamphetamine. At the time of Cook's conviction and sentencing, however, the difference between L-methamphetamine and D-methamphetamine was immaterial. *See United States v. Paille*, No. 98-1149, 1999 WL 407470 *5 (June 2, 1999) ("Post-1994 editions of the guidelines drop the distinction and treat both types [of methamphetamine] (D and L) the same."). There was no reason for counsel to have argued the difference between the two types of methamphetamine. This claim is without merit.

## C. Failure to object to the § 924(c) conviction

Cook claims his attorney should have objected to the § 924(c) conviction because it rested upon proof of another offense. Cook pleaded guilty to count three of the indictment, which charged him with using and carrying a firearm during and in relation to a drug trafficking offense on August 16, 2001. Count two of the indictment, which was dismissed as part of the plea agreement, charged Cook with possession with intent to distribute methamphetamine on August 16, 2001. Both of these charges arose out of the search of co-defendant Jamie Johnson's residence on August 16, 2001. Apparently, Cook is claiming that because count two was dismissed, court three should also have been dismissed because it arose out of the same conduct.

Cook's claim lacks merit. Count two was dismissed as part of the plea agreement, wherein Cook agreed to plead guilty to count three of the indictment. In addition, a defendant may be convicted under § 924(c) for using and carrying a firearm, whether or not he is charged with the predicate offense, and even when he has been acquitted of the predicate offense. *See United States v. Smith*, 182 F.3d 452, 457 (6th Cir. 1999). There was therefore no basis upon which counsel should have objected to the § 924(c) conviction.

**D. Failure to object to statutory sentence for distribution of methamphetamine**

The superseding indictment in this case charged Cook and his co-defendant with conspiracy to distribute 50 grams or more of methamphetamine and conspiracy to distribute marijuana. [Criminal Action No. 3:02-cr-18, Court File No. 34, Superseding Indictment, p. 1, count 1]. Cook pleaded guilty to conspiracy to distribute 50 grams of methamphetamine. He claims that the plea agreement was ambiguous because there was no reference to the marijuana charged in the superseding indictment and thus created a constructive variance of the indictment. According to Cook, his attorney should have objected to a sentence based upon methamphetamine rather than marijuana.

What Cook overlooks, however, is that he pleaded guilty to count one of the original indictment, which only charged him with the methamphetamine conspiracy.[1] [*Id.*, Court File No. 2, Indictment, p. 1, count 1]. The court properly sentenced Cook to the minimum

---

[1]On the other hand, Cook's co-defendant, Jamie Johnson, pleaded guilty to a marijuana conspiracy pursuant to count one of the superseding indictment. [Court File No. 3:02-cr-18, Court File No. 44, Plea Agreement, p. 1].

8

mandatory term of imprisonment of ten years, based upon Cook's prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(B). There was no reason for Cook's attorney to object to his sentence.

**E. Failure to file motion to suppress**

Cook alleges that law enforcement officers lacked probable cause to search his home on January 28, 2002. According to Cook, the affidavit for the search warrant was bare bones, vague and ambiguous, and failed to substantiate any illegal activity. He contends that his attorney failed to conduct pre-trial investigation and thus failed to file a motion to suppress the evidence seized from his residence.

Prior to Cook's guilty plea, he was represented by three different experienced criminal defense attorneys, none of whom filed a motion to suppress. There is nothing in the record to suggest, other than Cook's self-serving statement, that a motion to suppress would have been successful.

In addition, Cook's co-defendant Jamie Johnson, as part of his plea agreement, agreed to fully cooperate with law enforcement and to testify truthfully during any federal court proceeding. Thus Johnson would have testified against Cook as to the conspiracy charge. With respect to the § 922(g) and § 924(c) firearm convictions, those arose out of the August 16, 2001, search of co-defendant Johnson's home. The charges that arose out of the January 28, 2002, search of Cook's home were dismissed as part of the plea agreement. Thus, any

alleged failure to move to suppress the evidence obtained from the search of Cook's home was not prejudicial and cannot constitute ineffective assistance of counsel.

### F. Failure to file notice of appeal

Cook also claims that his attorney rendered ineffective assistance of counsel by failing to file a notice of appeal. In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id.* at 459. The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

Cook does not claim to have asked his attorney to file a notice of appeal and there is nothing in the record to suggest any grounds for appeal. Accordingly, he cannot now complain that his attorney failed to appeal his conviction and sentence.

Cook voluntarily entered a plea of guilty to the methamphetamine conspiracy, using and carrying a firearm during a drug trafficking offense, and being a felon in possession of a firearm. By so doing, other charges against him were dismissed, including a second charge of using and carrying a firearm during a drug trafficking offense. Had Cook been convicted of that second charge, he would have been facing an additional consecutive term of

imprisonment of 25 years. 18 U.S.C. § 924(c)(1)(C)(I) & (D)(ii). Clearly, as a result of his attorney's efforts, Cook received the benefit of the plea bargain. Based upon the foregoing, Cook has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

IV. <u>Conclusion</u>

Cook is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Cook leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Cook having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge